UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

WILLIAM HENDRIX,

    Plaintiff,

  v.

JAMES NEWSTEAD,

    Defendant.

Case No. 3:25-cv-00020-YY

FINDINGS AND RECOMMENDATIONS

**FINDINGS**

*Pro se* plaintiff William Hendrix filed a complaint against defendant James Newstead on January 6, 2025. Compl., ECF 1. The complaint failed to state a claim for relief, as explained in this court's order dated February 11, 2025. In its order, the court described the deficiencies in the complaint and gave plaintiff the opportunity to file an amended complaint. Plaintiff has filed an amended complaint but it still fails to allege a claim for relief. Therefore, this case should be dismissed.

The court may dismiss a complaint that is "obviously frivolous" even where the plaintiff has paid the filing fee. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process."); *see also Steel Co. v. Citizens for a*

*Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.") (internal quotation marks omitted); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) ("[D]istrict courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances.").

"A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction; . . . a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought, which may include in the alternative or different types of relief." FED. R. CIV. P. 8(a). "Rule 8 does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2006) (citations omitted). "A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Federal courts hold a *pro se* litigant's pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987); *see Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (*per curiam*) (holding a document filed *pro se* "is to be liberally construed"; a plaintiff need only give the defendant fair notice of the claim and the grounds on which it rests) (citation omitted). "Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must

2 – FINDINGS AND RECOMMENDATIONS

meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

In his original complaint, plaintiff asserted a claim for "involuntary search and seizure" and sought damages for a "pro rata percentage on the time earned reserve," i.e., "pro rata 11.28% @ $142,070.47 with RICO for percentage on equity that was obtained agriculturally for sale not in the USDA market." As factual support, plaintiff alleged:

> Bus #186 class SISU ("ADOPT, MASA algorithm in time series data copywrite") Brandon Perdue Medford, Oregon (Perdue University) A 70 hour work week was maintained for a period of 10 weeks 230 hours of overtime were paid on time @12.75 for 4398.75 901.25 in regular hours. James Newstead quoted 324.32 hours not paid.

Compl., ECF 1.

In its February 11, 2025 order, the court explained that these factual allegations were incomprehensible and that the complaint failed to allege what defendant Newstead did and what federal constitutional or statutory provision he violated. The court also explained that "search and seizure" is generally referred to in the context of the Fourth Amendment, which "protects individuals from government actors, not private ones." *United States v. Wilson*, 13 F.4th 961, 967 (9th Cir. 2021).

In his amended complaint, plaintiff includes a "Legal Claims" section that, again, fails to articulate a valid claim for relief. Instead, plaintiff cites a string of cases that purportedly address the classification of documents, trademark registration, the Hobbs Act, and NATO. In his prayer for relief, plaintiff "demands that the defendant be ordered to pay max damages in the cap presented to the state of Oregon $25 million." This does nothing to help illuminate the nature of the claim or claims that plaintiff is asserting.

Generally, a complaint that fails to state a claim for relief is dismissed without prejudice. However, because plaintiff's claims are clearly frivolous and there is no indication that plaintiff can allege a comprehensible claim for relief, dismissal with prejudice is warranted. *See Olajide v. Brown*, No. 18-CV-04225-EMC, 2018 WL 3429077, at *2 (N.D. Cal. July 16, 2018) ("Although leave to amend is to be liberally granted, Mr. Olajide's complaint is so fanciful that a dismissal with prejudice is warranted."); *Suess v. Obama*, No. CV1701184JAKDTB, 2017 WL 1371289, at *2 (C.D. Cal. Mar. 10, 2017) (dismissing with prejudice where "there is no reason to believe that the factual allegations could be remedied through more specific pleadings as the claims are inherently frivolous"); *Tia v. All the Defendants from USDC No. CV15-0059 DKW-BMK*, No. CIV. 15-00215 DKW, 2015 WL 3755065, at *2 (D. Haw. June 15, 2015) (dismissing with prejudice where it was "clearly frivolous and not amenable to amendment").

## RECOMMENDATIONS

Because plaintiff has failed to allege a claim for relief, despite being given the opportunity to file an amended complaint, this case should be dismissed. Dismissal should be with prejudice because plaintiff's complaint is clearly frivolous and not amenable to amendment.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Tuesday, March 25, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

**NOTICE**

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED March 4, 2025.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

5 – FINDINGS AND RECOMMENDATIONS